# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCO M. MANGIAFICO, | ) | 1:12-cv-01144 LJO MJS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) | |
| | ) | |
| MICHAEL L. BENOV, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On July 12, 2012, Petitioner filed the instant petition for writ of habeas corpus. Petitioner states he was confined at a Residential Re-entry Center in accordance with the Second Chance Act of 2007 until February 12, 2012, when he tested positive for an illegal substance. As a result, he states he was given an incident report on February 23, 2012, and assessed a loss of good time credits. He claims the Bureau of Prisons violated his due process rights when it failed to abide by time constraints concerning the incident report. He requests restoration of the good time credits.

I. **DISCUSSION**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67,

70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971).

It appears the instant petition has become moot. Petitioner states his release date was June 19, 2012. As a result of the incident report, his release date was moved to July 25, 2012. Petitioner did not file his federal petition until July 12, 2012.  As of this date, Petitioner's release date has passed. Thus, no relief this Court could grant would accelerate his release. A presumption of collateral consequences does not apply to prison disciplinary proceedings and Petitioner has not alleged any collateral consequences sufficient to avoid dismissal on the ground of mootness. Wilson v. Terhune, 319 F.3d 477, 480 (9th Cir.2003).

Accordingly the Court recommends that the petition for writ of habeas corpus be denied as moot.

## II. MOTION TO CONVERT HABEAS CORPUS PETITION TO WRIT OF CORAM NOBIS

On July 25, 2012, Petitioner filed a motion to convert his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to a petition for writ of coram nobis. (ECF No. 9.) Petitioner acknowledges that  since he is no longer in custody, he can not obtain relief by way of a petition for writ of habeas corpus.  Accordingly, he seeks to convert the action to a petition for writ of coram nobis. (Id.)

The Court recommends that the motion be denied. To the extent that Petitioner requests coram nobis relief, he most do so in the district of conviction. "A writ of error coram nobis attacking [a] conviction may only be brought in the sentencing court." United States v. Monreal, 301 F.3d 1127, 1131 (9th Cir. 2002) (citing Madigan v. Wells, 224 F.2d 577, 578 n.2 (9th Cir. 1955)). Accordingly, Petitioner may attempt to obtain relief by filing a petition for writ of coram nobis in the United States District Court for the Middle District of Florida. (This Court does not address the likelihood of Petitioner obtaining relief by way of a petition for writ of coram nobis.)

Accordingly, it is recommended that the motion to convert the petition is denied.

### III. RECOMMENDATION

Accordingly, the Court RECOMMENDS that this action be dismissed as moot and the motion to convert the petition be denied.

This Findings and Recommendation is submitted to the assigned District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) for the United States District Court, Eastern District of California. Within thirty (30) days after date of service of the Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     September 19, 2012          /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE